# W. F. HALLIDAY, Plaintiff and Appellant, v. L. U. STAMBAUGH, Defendant and Respondent.

### (204 N. W. 889.)

**Evidence — rulings on admissibility of evidence examined and held correct.**

1. Certain rulings upon the admissibility of evidence examined and, for reasons stated, held correct.

**Trial — on failure to request instructions as to law of agency; omission to charge thereon held not to amount to misdirection.**

2. Where it seems to have been assumed throughout the trial that C was the agent of the plaintiff, with authority to act in the transaction in suit, and the plaintiff made no request for instructions upon the law of agency, it is held, following the rule recently applied in Reineke v. Commonwealth Ins. Co. ante, 324, that the omission to charge upon the law of agency does not amount to misdirection and that the instructions are correct.

Opinion filed June 29, 1925.

Appeal and Error, 4 C. J. § 2952 p. 969 n. 56. Evidence, 22 C. J. § 1027 p. 857 n. 73. Trial, 38 Cyc. p. 1693 n. 55. Witnesses, 40 Cyc. p. 2429 n. 30; p. 2432 n. 60; p. 2522 n. 12.

Appeal from District Court of Cass County, *Cole,* J.
Affirmed.
*John Moses,* and *Norton & Kelsch,* for appellant.
*Pierce, Tenneson, Cupler & Stambaugh,* for respondent.

JOHNSON, J. This is a suit to recover an alleged balance due upon a promissory note in the sum of $4552.10, executed by the defendant and three other makers on September 16th, 1916. The note was given in payment of the capital stock of a bank located at Expansion this

state, which afterwards was reorganized into the First State Bank of Hazen. Plaintiff claims a balance of $1500. The defendant Stambaugh answered, admitting the execution of the note and alleging that the obligation of the note had been, as to him, discharged in February 1920.

The case was tried to a jury and a verdict returned for the defendant upon which a judgment was in due time entered. The plaintiff moved for a new trial and from an order denying such motion and from the judgment entered, this appeal is taken.

There is evidence in the record sufficient to support a finding by the jury that the following are the facts and circumstances of the transaction out of which this litigation arose.

On September 16th, 1916, the plaintiff and one Chaffee were the owners of the major portion of the capital stock of the State Bank of Expansion and on that date an agreement was made whereby Chaffee, acting in his own behalf, and also in behalf of the plaintiff who was his partner in the transaction, agreed to transfer to the defendant and three others, seventy-five shares of stock in the First State Bank of Expansion for the stated consideration of $130.06 per share. A cash payment was made by the defendants and a note for the balance of the purchase price executed in the sum of $4552.10 payable November 1st, 1917. This is the note sued on. On December 21st, 1917, a new note was executed in the sum of $3600. On December 1st, 1919, another note was executed by the purchasers of the stock in the sum of $3000. About that date a payment was made on the original indebtedness. The name of the defendant is signed to this note by R. N. Harmsen as agent. This note is payable December 1st, 1919. At the time this instrument was executed the defendant was in the army, probably in France. Thereafter and in January and February, 1920, the note for $3000.00 not having been paid negotiations were had between Chaffee and Harmsen, which resulted in a payment of approximately $1700.00 on the $3000.00 note and the execution of two notes, one for $1000.00 and one for $500.00, payable December 1st, 1920, and evidencing the balance remaining unpaid. The two notes last named were not signed by Stambaugh personally or otherwise. The $3000.00 note was surrendered to the makers and marked 'paid.' The original note was never returned and apparently was at all times re-

tained by Chaffee or Halliday. Defendant says that he supposed that the original note had been paid and Harmsen says that he never thought of that note. Chaffee and Halliday were brothers-in-law and had been associated in business for a long period of years. Halliday testifies that Chaffee looked after his business in Mercer county. The undisputed testimony is that plaintiff left these matters entirely to Chaffee. Halliday was a resident of Montana. The plaintiff says that Chaffee was his agent and that he "left it all to him." Chaffee testifies that he and Halliday were partners in this transaction and that Chaffee represented Halliday "generally in transaction there in Mercer county." Chaffee further says that after Halliday left North Dakota "I looked after his interests in Mercer county." Chaffee testified that Halliday left the matters of a settlement to him, and, on direct examination says that he acted "as Halliday's agent in collecting this money in 1918." Plaintiff testifies that he did not know "personally about the transaction back there in North Dakota; I left it all to him (Chaffee) he was my agent."

It also appears from the testimony of defendant and of the witness, Harmsen, that defendant remitted to Harmsen about $1500.00, with instructions to pay it on the $3000.00 note on condition that the defendant be released from further obligation thereunder and that his proportion of the stock purchased be delivered to him. The stock was delivered thereafter. Harmsen testifies that he informed Chaffee of the condition on which defendant paid the amount and that no objection was made, and that the money was paid to Chaffee accordingly and the stock delivered to defendant Stambaugh. Chaffee denies this in its entirety. He testifies that no condition was attached and that there existed no understanding that Stambaugh would be released. Both Harmsen and Stambaugh testify that when this payment was made and the stock was delivered, neither had any idea that the original note was still held by Chaffee or Halliday or that any obligation was asserted or existed on account of such note. There is, therefore, sufficient evidence to support a finding by the jury that the money was paid to Chaffee upon the condition that Stambaugh be released from further obligation on account of the stock purchased, and that payment was accepted by Chaffee upon that condition. The sufficiency of the evidence is challenged, but on this point as has been indicated, the ver-

dict of the jury has substantial support in the evidence. If the plaintiff is bound by the conduct of Chaffee in accepting this payment from Harmsen upon the condition imposed by Stambaugh, Stambaugh was released and the verdict of the jury to that effect has substantial support in the evidence. The jury would have been justified in finding, on the evidence before them, especially in view of the emphasized portion of Chaffee's letter of December 27, 1920, infra, that Chaffee's bank was to make a loan to defendant's associates in order to settle the balance of the indebtedness after Stambaugh's conditional payment had been accepted.

The appellant groups his specification of errors under three heads. First, he challenges the sufficiency of the evidence to support the verdict. Second, he contends the court erred in rulings upon evidence and in admitting the following exhibits: The notes for $1000.00 and $500.00, to which reference has been made. The first renewal note of $3600.00. A letter written December 28th, 1918 by Harmsen to Chaffee as follows: "Hand you herewith renewal note to W. F. Halliday, signed by the original four. May the old note be returned to us.'" A letter from Chaffee to Harmsen, dated December 27, 1920, asking Harmsen for a payment of the note for $3000.00, dated December 5, 1918. In this letter Chaffee writes: "Bill (Halliday) is very much in earnest and I know, needs the money. He has been very nice in extending this from year to year and there is nothing to do but send him the money. While I am very short in reserve, I am so anxious to get this money for Bill when he needs it that *I will loan* you fellows my limit which is $1500.00 if necessary." (Emphasis is ours.) Third: that the court erred in failing to give complete instructions, particularly upon the law of agency.

We have disposed of the first proposition and held that there is sufficient evidence to support a verdict of the jury to the effect that the payment last made by defendant Stambaugh was conditionally made and that if the conduct of Chaffee was binding on Halliday, the defendant was discharged from further obligation on account of the purchase of the bank stock. The specifications of error are so general that, under the statement of the rule in Crisp v. State Bank, 32 N. D. 263, 280, 155 N. W. 78, we would be justified in disregarding them. The assignments do not state the questions, offers or objections thereto and

the rulings of the trial court thereon; they merely refer to the record for this information. We have, however, examined all the assignments as to the rulings of the trial court and we feel satisfied that no reversible error was committed. The first assignment under this head is based upon the overruling of an objection on the ground that the question called for a conclusion of the witness. The question is "At the time you got that note for $3000., back, did you suppose that you had taken up all of the obligations on the notes you and Stambaugh had previously signed?" Harmsen was under examination. The answer is "The question of this note that is now in this case, did not enter my mind at the time; I was just thinking of the $3000., note which was the basis on which the settlement was to be made." Manifestly, even if the question was technically faulty, the ruling was wholly non-prejudicial. The second specification is based upon the following record, Harmsen being under examination by the defendant. "Now what did you tell Chaffee at the time you made that payment to him as to whether Stambaugh was furnishing any of that money," to which defendant objects as follows: "Objected to on the same ground and on the same theory as before." Counsel had previously objected on the ground that the witness had testified that he did not remember the conversation and that the question was leading. It may be assumed that the question was somewhat of a repetition as well as leading, but it was in the discretion of the trial court to permit it to be asked again and in the form in which it was put; certainly it was not reversible error. The third specification in this group is based upon the following record, Harmsen being still under examination by defendant: "And do you know that you communicated to him and told him (Chaffee) what Stambaugh said to you in this letter that I have offered in evidence to the effect that Stambaugh was paying this money and the instructions he had given to you in regard to paying it?" Plaintiff objected as follows: "We object to that as being improper re-direct examination; that it is a repetition, and that it is an attempt to vary the testimony of the witness. The witness on cross-examination told the jury explicitly that they did not remember." It was not improper re-direct-examination because this matter had been inquired into on the cross-examination; as to the other grounds of the objection, it was clearly discretionary with the trial court in the circumstances whether to per-

mit the question. There was no abuse of discretion in this regard. The fourth specification under this class is obviously without merit. The question was in form leading as follows: "And did you so tell Chaffee." The court permitted the witness to answer. The matter had been previously covered by the witness. It was not reversible error to permit the question.

Sufficient reference has been made to the character of the exhibits which were offered and introduced over objection to disclose that this assignment is without merit. A proper foundation was laid in each instance, of course, on the assumption that Chaffee was the general agent with full powers to act for the plaintiff in the transaction. This brings us to the main question in the law-suit; was the conduct of Chaffee in the transaction, as detailed in the record, binding upon the plaintiff?

We have set out the testimony upon this point. It is not disputed that plaintiff and Chaffee were partners in the deal; that Chaffee looked after the business of plaintiff in Mercer County, after the latter left the state; and that Chaffee acted for the plaintiff in the matter of the settlements, collections, etc., in connection with the business, and with the knowledge of plaintiff took notes in his own name, but for the benefit of Halliday. To this no objection was made. Although Halliday and Chaffee were partners in the stock transfer deal, the original note (the one in suit) was taken by Chaffee in his own name; the first and second renewals were taken in Halliday's name; and the notes for $500., and $1000., were taken in the name of the German State Bank of Beulah, of which Chaffee was cashier. No useful purpose would be served in an extended discussion. The undisputed testimony of both parties shows general authority in Chaffee to represent plaintiff in this transaction and in others in Mercer county. They were partners and we are entirely satisfied that defendant could safely deal with Chaffee in settling this partnership deal and that the plaintiff is bound by the conduct of Chaffee in connection therewith. From this testimony it is clear that the witness Chaffee was the general agent and representative of the plaintiff, not only in the sale of the stock in which the two were partners, but in the subsequent transactions arising out of the sale.

The trial court did not instruct the jury upon the law of agency. It

seems to have been assumed during the trial by both parties that Harmsen was the agent of the defendant in the negotiations subsequent to the sale, and that Chaffee was at all times the agent of the plaintiff. The plaintiff did not request any instructions upon any branch of the law of agency, or relating to the authority of Chaffee to act for, and bind, the plaintiff. In the circumstances, this was not error. The defendant, said the court to the jury, must prove his defense of settlement by a preponderance of the evidence. The omission to charge does not amount to misdirection. Reineke v. Commonwealth Ins. Co. ante, 324, 202 N. W. 661.

The judgment is affirmed.

CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, and NUESSLE, JJ., concur.